**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                          **Case No. 20-CR-139-JFH**

NACOLE RYAN BAIN,

       Defendant.

## ORDER

Before the Court is pro se Defendant Nacole Ryan Bain's Motion for Jail Credit Pursuant to 18 U.S.C. § 3585(b). Dkt. No. 85. For the reasons set forth below, Defendant's Motion [Dkt. No. 85] is DENIED.

Defendant was charged with one count of Murder in Indian Country, in violation of 18 U.S.C. §§ 1111, 1151, and 1153 and one count of Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & 924(j)(1). Dkt. No. 3. Defendant subsequently entered into a plea agreement on March 28, 2022, and pled guilty to second degree murder. Dkt. Nos. 37-39. On August 31, 2023, this Court sentenced Defendant to imprisonment for a term of three hundred twenty-four (324) months, followed by five (5) years of supervised release. Dkt. No. 73, pp. 2-3. As part of the Judgment, this Court made certain recommendations to the Bureau of Prisons ("BOP"), including that the BOP "evaluate and determine if the defendant should be given credit toward this sentence for any time previously served in custody[.]" *Id*. at p. 2. Defendant filed the instant Motion requesting this Court to issue a recommendation to the BOP that Defendant receive a jail

credit for her presentence detention between the dates of June 30, 2018, and August 31, 2023, a total of 1,888 days.  Dkt No. 85.[1]

It is first worth noting that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the Bureau of Prisons (BOP), which has the power to grant sentencing credit in the first instance." *United States v. Mata*, No. 04-8042, 145 Fed. Appx. 276, 280, 2005 WL 1953510 (10th Cir. Aug. 16, 2005) (unpublished) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994); *see also, United States v. Brown*, No. 06-8011, 212 Fed. Appx. 747, 2007 WL 64852 (10th Cir. Jan. 11, 2007) (unpublished) ("[a] sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing.").

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.  *See* 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed.").  To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve.  Because the offender has a right to certain jail time credit under 18 U.S.C. § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.  Crediting jail time against federal sentences has long operated in this manner.

The BOP has developed detailed procedures and guidelines for determining the credit available to prisoners.  Federal regulations afford prisoners administrative review of the

---

[1] Defendant identified the total period of her presentence detention for which she seeks jail credit as 1,909 days.  Dkt. No. 85, p. 2.  However, the dates of detention provided by Defendant total 1,888 days.

computation of their credits. A defendant must raise the issue of credit under § 3585(b) first with the BOP[2] and, if unsatisfied, then seek judicial review. *Jenkins*, 38 F.3d at 1144; *see, e.g., Mata,* 145 Fed. Appx. at 280, 2005 WL 1953510 at \*2; *Buchanan v. United States Bureau of Prisons,* No. 04-3497, 133 Fed. Appx. 465, 467, 2005 WL 1168443 (10th Cir. May 18, 2005) (unpublished) ("Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241."). Thus, this Court has no authority to compute or award sentencing credit at sentencing or later order application of jail credits toward a sentence.

Nonetheless, Defendant now requests this Court to issue a recommendation to the BOP for jail credit for her presentence detention between the dates of June 30, 2018, and August 31, 2023. This Court is not inclined to do so for multiple reasons. First, as discussed above, the BOP is uniquely positioned to make the jail credit determination, and this Court will not usurp the BOP's exclusive authority.

Second, this Court has already rejected a similar request by Defendant at the sentencing hearing:

> I've asked the Bureau of Prisons to evaluate any time that she's served, and to give her credit for any time served if it's consistent with their policies. So they will make that determination. I'm not asking them to do it one way or another.

Dkt. 76, p. 36. Consistent therewith, the Court's Judgment was properly executed and imposed with a recommendation that the BOP "evaluate and determine if the defendant should be given

---

[2] If Defendant believes she has been improperly denied jail credits, the BOP has established a grievance procedure for inmates with complaints relative to any aspect of their imprisonment. *See* 28 C.F.R. §§ 542.10–542.19. The inmate must first attempt to resolve her complaint informally with her prison counselor. *Id*. at § 542.13. If unable to reach an informal resolution, the inmate may then direct her complaint to the warden through a written administrative remedy request, using Form BP–9. *Id*. at §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the Regional Director, using Form BP–10. *Id*. at § 542.15(a). Finally, the inmate may file a final administrative appeal to the Office of the General Counsel in Washington, D.C., using Form BP–11. *Id*.

credit toward this sentence for any time previously served in custody and further award the defendant for credit for such time served in accordance with [BOP's] Policy."  Dkt. No. 72, p. 2.

Third, Defendant has not shown that her presentence detention satisfies the requirements of 18 U.S.C. § 3585(b) for purposes of receiving jail credit.  Pursuant to § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> ***that has not been credited against another sentence***.

18 U.S.C. § 3585(b) (emphasis added).  In analyzing this statute, the Supreme Court explained that "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337.

Here, available court records reveal that Defendant's presentence detention was, at least partially, credited towards her prior state sentences.  Specifically, Defendant's presentence detention was credited to her revocation sentences in Okmulgee Case Nos. CF-2012-452, CF-2015-250, and CF-2016-192, which involved unrelated charges of uttering a forged instrument and obtaining cash or merchandise by bogus check.  To also credit this time against her federal sentence would impermissibly afford Defendant double credit.  *See O'Bryan v. Wiley,* No. 07-1328, 261 Fed. Appx. 117, 2008 WL 154419 (10th Cir. Jan. 17, 2008) (unpublished) (affirming district court's determination that defendant was not entitled to time-served credit because the time he served in custody prior to a federal sentence was credited against previous sentences); *see also*, *Azure v. Gallegos*, Nos. 03-1375, 03-8047, 03-8090, 97 Fed. App'x 240, 244 (10th Cir. Mar. 26, 2004) (unpublished) (no relief in habeas corpus to afford federal prisoner credit toward his federal

4

where time spent in custody prior to prisoner's federal sentencing was credited toward his state sentence); *Cathcart v. United States Bureau of Prisons*, No. 99-6424, 2000 WL 554547, at *2 (10th Cir. May 4, 2000) (unpublished) (affirming district court's dismissal of habeas petition on ground that § 3585(b) prohibited petitioner from receiving credit for time served in federal custody where that time had been credited to his state sentence); *Torres v. Brooks*, No. 99-1321, 2000 WL 158963 (10th Cir. Feb. 15, 2000) (unpublished) (petitioner not entitled to credit toward federal sentence where time was already credited against state sentence).

Ultimately, the BOP has detailed procedures and is uniquely positioned to know exactly how much, if any, jail credit Defendant is entitled to receive for her presentence detention. Because a jail credit for the entirety of Defendant's presentence detention between June 30, 2018, and August 31, 2023 is not clearly authorized by § 3585(b), the BOP would likely disregard any recommendation for jail credit by this Court as unnecessary "surplusage." *See* BOP Program Statement 5880.28, ch. 1, at p. 27 ("Should the Judgment and Commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage, and the credit will not be allowed."). For these reasons, this Court declines to recommend a jail credit on Defendant's behalf or otherwise usurp the exclusive authority of the BOP. Defendant must submit her request for jail credit to the BOP, exhaust her administrative remedies and, if still unsatisfied, seek judicial review of the BOP's determination.

5

IT IS THEREFORE ORDERED that Defendant's Motion for Jail Credit Pursuant to 18 U.S.C. § 3585(b) [Dkt. No. 85] is DENIED.

Dated this 25th day of June 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE